# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:95CR23

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| RAYMOND WATKINS, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a motion filed herein by the Government on April 18, 2005 entitled, "Motion to Restrict Defendant's Telephone Access". At the call of this matter on for hearing it appeared that the Government was present through Assistant United States Attorney, Richard Edwards, and that the defendant was present along with counsel, Albert Neal, and from the evidence offered herein and from the arguments of the Assistant United States Attorney and from counsel for the defendant, the court makes the following findings:

**Findings:** On April 13, 2005 the undersigned considered evidence presented by the Government as to the issue of whether or not the defendant should be released on pretrial release pending further hearings in regard to the charges pending against the defendant. After hearing evidence on that date from the Government, the defendant, by and through his counsel, who was at that time Mr. Reid Brown, moved to continue the hearing to give the defendant and his attorney an opportunity to develop further information in regard to the issue of pretrial release. At that time, the undersigned advised the defendant, in open court, that the defendant was not to communicate in any

way, form or fashion with his wife or adult daughter. The defendant was instructed specifically that he was not to place any telephone calls to his wife or adult daughter and that he should rely on his attorney to contact his wife or adult daughter.

Upon the hearing being reconvened on April 15, 2005, evidence was presented by the Government showing that the defendant had immediately, after being told on April 13th by the undersigned, not to communicate in any way, form or fashion with his wife or adult daughter and being specifically told not to place any telephone calls to his wife or adult daughter, made five (5) telephone calls to the dwelling house where his wife was located. Those calls, all occurred between 11:52 a.m. and 12:09 p.m. on April 13, 2005. At the close of the hearing on the defendant's motion for pretrial release, the court again told the defendant that he should not, in any way, communicate further with his wife or adult daughter. The defendant's motion for pretrial release was denied and the defendant was detained.

On May 13, 2005, in testimony presented by Steve Cook, United States Probation Officer, a witness who was called by the Government, evidence was presented that during the period between April 15 and April 22, 2005, the defendant had, in contravention of the orders of this court, attempted repeatedly to contact his wife by telephone, both at her place of residence and at her place of employment. In at least one of the telephone calls, the defendant requested that his wife remove a pistol that was hidden at the home of the defendant and his wife. The defendant's wife contacted the United States Probation Office and the pistol was found by the officers in the location described by the defendant to his wife. The pistol was a Taurus .22 caliber handgun which was found loaded with a round in the chamber and other shells in the magazine.

Further evidence was presented on May 13, 2005 by the Government through an exhibit

entitled, "calldet". This exhibit consisted of two pages and was described by the Government as being a record of calls made by the defendant from the detention facility to the number 828-274-6750 during the period from April 15 through April 24, 2005. The number 828-274-6750 is the phone number of the telephone where the defendant's wife resides. The exhibit showed that the defendant had made thirty-four (34) telephone calls from the detention facility to the telephone located at the dwelling house of the defendant's wife.

On May 13, 2005, evidence was further presented that the defendant, on Sunday, April 10, 2005, had argued with his wife and his adult daughter concerning allegations made by the wife and the adult daughter that the defendant was having a romantic relationship with another woman. In the conversation, the defendant had threatened his wife.

This court has repeatedly, at all court proceedings that have been held in this matter, told and instructed the defendant not to make any telephone calls to his wife or daughter and not to contact any other persons and have those persons contact his wife and adult daughter. The defendant has repeatedly violated the clear instructions of this court.

**Conclusions:** Based upon the foregoing, the undersigned concludes that it is necessary, in order to prevent the defendant's contact with the witnesses, that being his wife and daughter, that the defendant's telephone privileges be restricted to contacts with his attorney and his attorney's staff.

BASED UPON THE FOREGOING, it is **ORDERED**:

1. That the Motion of the government is ALLOWED and the United States Marshal for the Western District of North Carolina shall immediately and without delay, house the defendant in a detention facility where the defendant shall be subject to administrative segregation such that the

defendant's access to a telephone is limited to placing telephone calls to his attorney, Mr. Albert Neal, or any member of Mr. Neal's staff, and no other persons whatsoever.

    2.    That the defendant is hereby advised that any violation of this order shall be considered, by this court, as contempt and that further proceedings shall be instituted in that regard immediately.

**Signed: May 17, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge